

Signed and Filed: November 2, 2020

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | ) Bankruptcy Case No. 17-30326-DM |
| MAYACAMAS HOLDINGS LLC, | ) Chapter 7 |
| Debtor. | ) |
| E. LYNN SCHOENMANN, Chapter 7 Trustee, | ) Adversary Case No. 19-03012-DM |
| Plaintiff, | ) |
| v. | ) |
| CARMEL FINANCING, LLC, *et al.*, | ) |
| Defendants. | ) |

**MEMORANDUM DECISION REGARDING CROSS-MOTIONS FOR SUMMARY JUDGMENT**

**I. INTRODUCTION**

On April 10, 2014, debtor Mayacamas Holdings LLC ("Debtor") executed a promissory note in the principal amount of $2,000,000 (the "Note") to the order of defendant Carmel Financing, LLC ("Carmel"); it was secured by a first priority deed of trust (the "DOT") encumbering real property located in Sonoma County

-1-

and commonly referred to as the "Ranch Parcel." *See In re Mayacamas Holdings LLC*, 608 B.R. 522, 528–29 (Bankr. N.D. Cal. 2019), leave to appeal denied sub nom. *Schoenmann v. Carmel Fin. LLC*, No. 19-CV-06895-WHO, 2020 WL 95553 (N.D. Cal. Jan. 8, 2020) (the "MTD Decision").

On April 7, 2017, Debtor filed a chapter 11 petition and listed the Ranch Parcel as its principal asset. Plaintiff E. Lynn Schoenmann ("Trustee") was appointed as the chapter 11 trustee on October 4, 2017. Four days later (on October 8, 2017), the Tubbs fire erupted and caused significant damage to the Ranch Parcel. As a result, Trustee received more than $2,000,000.00 from Debtor's insurance carrier (the "Insurance Proceeds"). Except for a court-approved expenditure of $418,541.50 for post-fire clean-up required by law, Trustee continues to hold the Insurance Proceeds, which equaled $1,695,727.26 as of the commencement of this adversary proceeding.

On April 7, 2019, Trustee filed a Complaint to Determine Validity, Priority, and Extent of Liens; to Avoid Unperfected Security Interests and Fraudulent and Preferential Transfers; and to Object to Claims Relating to Sonoma County Assessor's Parcel 120-190-033 (the "Complaint") against 23 named defendants, including Carmel.

In her Complaint, Trustee asserted that the chapter 7 estate, and not Carmel, is entitled to the Insurance Proceeds because the insurance policy does not mention Carmel or identify it as an additional loss payee. She also alleged that Carmel did not, prior to the petition date, notify the insurer that it

-2-

Case: 19-03012   Doc# 52   Filed: 11/02/20   Entered: 11/02/20 12:42:52   Page 2 of 9

should be added as a loss payee on the policy in accordance with California law. *See* Cal. Comm. Code 9312(b)(4) (governing the creation and perfection of security interests in insurance policies)(hereafter, the "UCC"). In addition, she alleged that certain terms of the Note and DOT imposing an 18% default interest rate, monthly late charges of 4%, and a $75,000 "exit fee" were unenforceable.

On April 22, 2019, Carmel filed a motion to dismiss Trustee's claims, which the court denied in part and granted in part in its MTD Decision. Holding that Colorado law governed the interpretation and enforcement of the Note and applying it in its analysis, the court concluded that the terms of the Note governing the default interest rate, the monthly late charges and an "exit fee" were enforceable. The court therefore dismissed Trustee's claims that such terms were impermissible under California law. *See MTD Decision*, 608 B.R. at 529. It nonetheless rejected Carmel's contention that Trustee failed to state a cognizable claim as to the bankruptcy estate's entitlement to the Insurance Proceeds.

On August 17, 2020, both Carmel (dkt. 38) and Trustee (dkt. 42) filed competing motions for summary judgment regarding Carmel's right to recover the fire insurance proceeds. On September 11, 2020, the court held a hearing on the two motions. For the reasons set forth below, the court will grant Trustee's motion for summary judgment and deny Carmel's motion for summary judgment.

//

//

## II. STANDARDS GOVERNING MOTIONS FOR SUMMARY JUDGMENTS

On a motion for summary judgment, the court must determine whether, viewing the evidence in the light most favorable to the nonmoving party, there are any genuine issues of material fact. *Simo v. Union of Needletrades, Indus. & Textile Employees,* 322 F.3d 602, 609-10 (9th Cir. 2003); Fed. R. Civ. P. 56. Summary judgment against a party is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. As discussed below, as a matter of law, Carmel has not produced sufficient evidence or legal grounds to support its motion for summary judgment or to defeat Trustee's motion for summary judgment.

## III. DISCUSSION

In its motion, Carmel again contends that it holds a perfected security interest in the Insurance Proceeds because its recorded deed of trust granted Carmel a security interest in all insurance proceeds affecting the Ranch Parcel, notwithstanding this court's contrary legal conclusions in the *MTD Decision*.[1] Carmel also asserts that it did provide written notice of its purported security interest to the insurer as required by California law. Finally, it seemingly contends that

---

[1] The court will not revisit its legal conclusion in the *MTD Decision*, 608 B.R. at 529, that California law governs whether Carmel is the holder of a perfected security interest in the Insurance Proceeds.

-4-

a 2011 decision from a bankruptcy court in another district holds more weight than a decision by the District Court for the Northern District of California upon which this court relied in the MTD Decision. The court is not persuaded by these arguments for the reasons set forth below and in the MTD Decision.

First, the UCC defines a "security interest" as "an interest *in personal property or fixtures* that secures payment or performance of an obligation." *See* Cal. Comm. Code § 1201(35) (emphasis added). Carmel has not provided any evidence that, prior to the petition date, it perfected a security interest in any personal property or fixtures of Debtor, either by filing a financing statement or taking possession of such property as required by the UCC. *See* Cal. Comm. Code § 9310(a) and (b)(6). *See also* Cal. Comm. Code § and 9315(c) (providing that a security interest in proceeds is perfected only if the security interest in the original collateral was perfected).

In addition, the UCC does not govern the "creation or transfer of an interest in or lien on real property, including a lease or rents thereunder", with certain exceptions that are inapplicable here. Cal. Comm. Code § 9109(c)(11). Real property is not "collateral" that is governed by the UCC, as indicated in Cal. Comm. Code § 9109(c)(11). *See also In re Ehrle*, 189 B.R. 771, 775 (9th Cir. BAP 1995) ("Under California's [UCC}, security interests in personal property extend to the cash proceeds thereof. However, [the UCC] excepts the 'transfer of an interest in or lien on real estate[,]' from coverage under California's Article 9.").

That said, California's UCC does allow a creditor to acquire a security interest in an insurance policy procured by a debtor for its own benefit if, and only if, written notification is provided to the insurer. *See* Cal. Comm. Code § 9312. Section 9312(b)(4) provides that a "security interest in, or claim in or under, any policy of insurance, including unearned premiums, may be perfected <u>only by giving written notice of the security interest or claim to the insurer</u>." Cal. Comm. Code § 9312(a)(4) (emphasis added). Absent that written notice, Carmel cannot assert a security interest in the claim filed with and paid by the insurer. *Id.; see also Zaghi v. State Farm Gen. Ins. Co.*, 77 F.Supp.3d 974, 977 (N.D. Cal. 2015) (holding that under California law, a recovery of insurance proceeds is limited to named insureds on the policy).[2]

As a matter of undisputed fact, Carmel is not a named insured on the policy at issue here. Nonetheless, Carmel contends in its motion that Debtor directed its insurer to add Carmel as a beneficiary to its insurance policy. As evidence of

---

[2] In its motion for summary judgment and its opposition to the Trustee's motion for summary judgment, Carmel attempts to avoid the holding of *Zaghi* by citing a 2011 unpublished decision of a bankruptcy court from another district. In *In re Ireva Holdings, LLC*, 2011 WL 10656544 (Bankr. E.D. Cal. 2011), the court held that the inclusion of an insurance assignment clause in a recorded deed of trust is sufficient notice to others that a lender has a security interest in any insurance proceeds related to the property. The *Ireva* court relied on decisions from other states (Georgia, North Carolina, and others). Four years later, however, the *Zaghi* court analyzed California law and persuasively concluded that a recovery of insurance proceeds is limited to named insureds on the policy. *Zaghi*, 77 F.Supp.3d at 977. The analysis of the *Zaghi* is more consistent with California statutory law than that of *Ireva*.

-6-

Case: 19-03012    Doc# 52    Filed: 11/02/20    Entered: 11/02/20 12:42:52    Page 6 of 9

such direction, Carmel submitted an email dated February 20, 2015, from Debtor's insurance broker seeking a quote for a renewal of its property insurance; that request for a quote contains a handwritten notation reflecting Carmel as an additional insured. Carmel, however, has not produced any evidence that the email directed the insurer to add it to the insurance policy or anything more than a request by Debtor's insurance broker for a quote. Consequently, the email does not satisfy the notice requirements of Cal. Comm. Code § 9312(a)(4) or *Zaghi*.[3]

Carmel's contention that it would be entitled to an equitable lien in the proceeds is likewise unavailing. In *Zaghi*, the district court rejected a request by the secured creditor who had not been added as an additional insured for an equitable lien against the proceeds. *Zaghi*, 77 F.Supp.3d at 979. In any event, Carmel has not demonstrated that a constructive trust could be imposed under these circumstances. Under California law, a constructive trust may be imposed on property as a remedy for things "wrongfully detain[ed]," or "gain[ed] ... by fraud, accident, mistake, undue influence, the violation of a trust, or other wrongful act." *In re Advent Mgmt. Corp.*, 104 F.3d 293, 295 (9th Cir. 1997), *citing* Cal. Civ. Code §§ 2223 and 2224. Trustee did not gain the insurance proceeds wrongfully or

---

[3] Even if the third party request for a quote had constituted notice to the insurer that Carmel had a security interest in any insurance proceeds and a directive to add it as a beneficiary on the policy, the request for a quote was applicable to the 2015 policy. No evidence has been produced to show that Carmel was or requested to be a beneficiary of the 2017-2018 policy, which is the policy that was operative when the Tubbs Fire occurred.

-7-

by fraud or other wrongful act.  To the contrary, the estate legally acquired the proceeds as Debtor was the only named insured.  Moreover, Carmel is not entitled to such equitable relief when it took no steps to protect its rights in any insurance policy prior to the Tubbs Fire.

IV. **CONCLUSION**

For the foregoing reasons, the court finds that as a matter of undisputed fact and law that Carmel did not provide written notification to Insurer that it should be added as a loss payee to the policy.  For that reason, Carmel's assertion of a perfected security interest in the Insurance Proceeds fails as a matter of law.  The court will therefore grant Trustee's motion for summary judgment and deny Carmel's motion for summary judgment.  Counsel for Trustee should upload separate orders for each motion and either obtain the signature of Carmel's counsel approving them as to form or file a separate proof of service indicating compliance with B.L.R. 9021-1(c).

Within ten days after the court enters those orders, counsel for Trustee should file a status conference statement indicating what remains to be dealt with in this adversary proceeding before a final judgment can be entered.

**END OF MEMORANDUM DECISION**

COURT SERVICE LIST

ECF Recipients