THOMAS F. KOEGEL (SBN 125852)
tkoegel@crowell.com
HENRY W. LEUNG (SBN 341756)
hleung@crowell.com
CROWELL & MORING LLP
3 Embarcadero Center, 26th Floor
San Francisco, CA 94111
Telephone: (415) 986-2800
Facsimile: (415)-986-2827

Attorneys for Plaintiff
Chapter 7 Trustee Janina M. Hoskins

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>MAYACAMAS HOLDINGS LLC,<br><br>Debtor.<br><br>JANINA M. HOSKINS,<br>Chapter 7 Trustee,<br><br>Plaintiff,<br>v.<br><br>CARMEL FINANCING, LLC; et al.<br><br>Defendants. | Case No. 17-30326 DM<br><br>Chapter Number: 7<br><br>Adversary Proceeding No.: 19-ap-03012 DM<br><br>**MOTION TO ENFORCE SETTLEMENT AGREEMENT**<br><br>Date: August 11, 2023<br>Time: 10:30 am<br>Ctrm: Courtroom 17 (by videoconference)<br>Judge: Hon. Dennis Montali |

CROWELL
& MORING LLP
ATTORNEYS AT LAW

MOTION TO ENFORCE
SETTLEMENT AGREEMENT
ADV. PROC. 19-03012-DM

Case: 19-03012    Doc# 121    Filed: 07/14/23    Entered: 07/14/23 16:18:55    Page 1 of 6
SFACTIVE-907132579.1

# MOTION

Plaintiff Janina M. Hoskins, the Chapter 7 Trustee of the Estate of Mayacamas Holdings LLC ("Trustee" or "Trustee Hoskins"), moves this Court for an order enforcing a settlement between Janina M. Hoskins, Chapter 7 Trustee ("Trustee" or "Trustee Hoskins") of the bankruptcy estate of debtor Mayacamas Holdings LLC (the "bankruptcy estate"), and creditor Carmel Financing, LLC ("Carmel"). The Settlement was reached at the conclusion of a full-day mediation conducted by the Hon. Randall Newsome (ret.) on April 11, 2023. It is embodied in a term sheet that was executed by the parties and that specifies all material terms of the agreement.

The term sheet provides that Carmel would draft assignments contemplated by the agreement. Carmel further offered to prepare a more formal settlement agreement that could be presented for court approval pursuant to Bankruptcy Rule 9019. In the succeeding months, however, Carmel has failed to complete these steps. Carmel has not denied that the settlement is enforceable. But apparently while exploring ways in which to maximize its post-settlement recoveries, Carmel in fact has exercised rights that it would only have if the Settlement were enforceable. It has, for example, been negotiating with the PG&E Fire Victim Trustee to maximize a benefit of rights it receives under the Settlement.

But despite repeated requests from the Trustee, Carmel has refused to finalize the formal agreement and associated documents. The delay in completing the formal documents prevents the Trustee from giving notice of the Settlement to creditors and obtaining the Court's approval under Rule 9019. It thus prevents the Trustee from closing this case and thus exposes the bankruptcy estate to additional, unnecessary fees to the detriment of creditors.

The Trustee hence requests that this Court exercise its "equitable power to enforce summarily an agreement to settle a case pending before it." *Callie v. Near,* 829 F.2d 888, 891 (9th Cir. 1987). The term sheet makes clear that there are no "material facts concerning the existence or terms of an agreement to settle [that] are in dispute" that might require an evidentiary hearing prior to enforcement. *See id.* Without the need for such a hearing, this Court may summarily enter an order enforcing the Settlement. Upon entry of an order, the Trustee will promptly provide notice to creditors and file her Rule 9019 motion to approve the Settlement.

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-1-

MOTION TO ENFORCE
SETTLEMENT AGREEMENT
ADV. PROC. 19-03012-DM

SFACTIVE-907132579.1

Case: 19-03012    Doc# 121    Filed: 07/14/23    Entered: 07/14/23 16:18:55    Page 2 of 6

# MEMORANDUM OF POINTS AND AUTHORITIES

The long-running dispute between Carmel and the Mayacamas Holdings bankruptcy estate was concluded via a settlement reached on April 11, 2023, in a mediation before Judge Newsome. The agreement included all material terms of the settlement and was executed by the parties. It hence constitutes a contract to resolve the dispute—one that this Court has the equitable power to summarily enforce. In order to help bring this bankruptcy case to a close without further harm to the creditors, and to avoid discouraging parties from pursuing mediation because agreements reached therein are abandoned by parties who refuse to follow through with the agreements they reach, this Court should issue an order enforcing the April 11 Settlement.

## I. Statement of Facts/Procedural History

The Court is well familiar with the dispute concerning Carmel's loan left unpaid by Debtor Mayacamas Holdings LLC ("Debtor") and the insurance proceeds arising out of the destruction of the former Mayacamas Ranch by the Tubbs Fire in 2017 in which Carmel claimed a security interest. *See generally* Declaration of Thomas F. Koegel in Support of Motion to Enforce Settlement ("Koegel Decl.") ¶¶ 3-7. The salient point for this Motion is that Carmel and Trustee Hoskins, earlier this year, agreed to a mediation before Judge Newsome in an attempt to resolve all their disputes.

Aided by Judge Newsome at a mediation on April 11, the parties successfully reached such a resolution. After a full day of mediation, the parties spent almost two hours drafting a highly detailed term sheet encompassing all material terms. The painstakingly prepared document was then executed by the Trustee and the principal of Carmel. Koegel Decl. ¶¶ 8-9. It contains all the detail of a formal settlement agreement resolving similar disputes. Koegel Decl. Ex. A.[1] The terms of the agreement were not conditional on any future acts or investigations. For example, the agreement flatly stated that "the Parties agree to a mutual release of claims." While the Settlement committed the Parties to future action pursuant to the agreement, such as the

---

[1] The term sheet was designated as "confidential" except "as may be required by law or judicial process." While the Trustee has no objection to the term sheet becoming part of the public record in this matter, out of an abundance of caution she will lodge the term sheet pursuant to a request to seal.

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-2-

MOTION TO ENFORCE
SETTLEMENT AGREEMENT
ADV. PROC. 19-3012

Case: 19-03012  Doc# 121  Filed: 07/14/23  Entered: 07/14/23 16:18:55  Page 3 of 6
SFACTIVE-907132579.1

preparation of formal written assignments of certain rights, each of the future actions were prefaced by an unconditional "will" statement (e.g., "Trustee Hoskins will assign," "Carmel will withdraw"). Carmel agreed to prepare the assignments required by the Settlement, as well as a formal settlement agreement by Friday, April 21. Koegel Decl. ¶ 11.

Carmel provide a first draft of the formal agreement on April 21, but has not responded to Trustee's proposed revisions provided on April 26. *Id.* Carmel thereafter entered into direct discussions with the Fire Victim Trustee regarding the Fire Claim without involving Trustee Hoskins. *Id.* ¶ 14. Carmel sought and received two extensions of time regarding the Fire Claim as if Carmel presently holds that claim. *Id.* ¶ 15. Carmel apparently wishes to determine how to maximize recovery on that claim before complying with the executed term sheet. After Trustee Hoskins pressed Carmel concerning the assignment documents that Carmel committed to prepare, Carmel first produced a draft on June 9. *Id.* ¶ 12. But here too Carmel has not responded to Trustee Hoskins' proposed edits. *Id.*

Repeated requests from Trustee Hoskins to Carmel to move forward with the settlement have gone unanswered. *Id.* ¶ 13. With the passage of time, the bankruptcy estate continues to incur fees that reduce the recovery of creditors. In addition to legal fees, the banking fees associated with maintaining the required estate bank account incur fees of $2,679 month.

**II. Argument**

A. <u>This Court Has the Equitable Power to Enforce the Settlement Agreed at the Mediation.</u>

This Court need not countenance Carmel's refusal to move forward with the settlement it executed at the mediation. "It is well settled that a district court has the equitable power to enforce summarily an agreement to settle a case pending before it." *Callie v. Near,* 829 F.2d 888, 891 (9th Cir. 1987). This power is available to the bankruptcy courts as well as to the district courts. *City Equities Anaheim v. Lincoln Plaza Dev. Co. (In re City Equities Anaheim)*, 22 F.3d 954, 958 (9th Cir. 1994) ("A bankruptcy court, as a court of equity, likewise possesses the power to summarily enforce settlements.")

B. <u>The Provisions of the Term Sheet Executed by the Parties Are Clear and May Be</u>

CROWELL
& MORING LLP
ATTORNEYS AT LAW

Enforced Summarily Without Need of an Evidentiary Hearing.

*Callie* does require that courts "may enforce only *complete* settlement agreements. Where material facts concerning the *existence* or *terms* of an agreement to settle are in dispute, the parties must be allowed an evidentiary hearing." *Callie,* 829 F.2d. at 890 (emphasis in original). But in this matter, the existence or terms of the agreement are not in dispute. While the term sheet left certain ministerial tasks to be completed, such as the drafting of assignments, all material terms of the mediated agreement are contained within the term sheet.

Should Carmel argue that a formal settlement agreement is required, the facts of *City Equities* are instructive. In that case, one party sought to enforce a "Memorandum Agreement" approved by the bankruptcy court that was followed by a formal "Settlement Agreement" where no approval was obtained. *City Equities*, 22 F.3d at 957. The party resisting enforcement argued that, without court approval, the formal "Settlement Agreement" was unenforceable and thus in turn that the Memorandum Agreement could not be enforced. *Id.* at 959. The Ninth Circuit found that the Bankruptcy Court's references to the Settlement Agreement, in its decision to enforce the provisions of the Memorandum Agreement were (at most) harmless error as "the operative provisions entitling [the enforcing party] to relief were in the Memorandum Agreement as well. . . . The Settlement Agreement merely restated those provisions."

Here, the entirety of the material terms of settlement are contained within the term sheet. Even assuming, counterfactually, that these material terms were intended to be encompassed in a more formal writing (like the "Settlement Agreement" in *City Equities*), the contractual agreement of settlement has occurred with the term sheet. A formal settlement agreement will add nothing beyond formalities. This Court thus is empowered either to enforce the terms of settlement as drafted in the term sheet, directing the Trustee to proceed with notice to creditors and approval under Rule 9019, or to find Carmel in breach for failing to cooperate in the ministerial task of completing a formal document.

**II. Conclusion**

Trustee Hoskins respectfully requests that the Court exercise its equitable power to enter an order enforcing the mediated Settlement and directing Trustee Hoskins to provide notice to


CROWELL
& MORING LLP
ATTORNEYS AT LAW

-4-

MOTION TO ENFORCE
SETTLEMENT AGREEMENT
ADV. PROC. 19-3012

Case: 19-03012   Doc# 121   Filed: 07/14/23   Entered: 07/14/23 16:18:55   Page 5 of 6
SFACTIVE-907132579.1

creditors followed by formal consideration of the merits of the settlement under Rule 9019.

Dated: July 14, 2023

CROWELL & MORING LLP

/s/ Thomas F. Koegel
Thomas F. Koegel
Attorneys for Plaintiff
Chapter 7 Trustee Janina M. Hoskins

CROWELL & MORING LLP
ATTORNEYS AT LAW

-5-

MOTION TO ENFORCE
SETTLEMENT AGREEMENT
ADV. PROC. 19-3012

SFACTIVE-907132579.1

Case: 19-03012    Doc# 121    Filed: 07/14/23    Entered: 07/14/23 16:18:55    Page 6 of 6